■ HAINES, LUNDBERG & WAEHLER, on Behalf of Itself and All Former and Present Tenants of 2 PARK AVENUE, Appellant, v SHELDON L. BREITBART et al., Respondents.—Order, Supreme Court, New York County (Francis Pecora, J.), entered July 15, 1987, which granted defendants-respondents' motion for summary judgment dismissing the complaint, and denied plaintiff-appellant's motion for summary judgment, unanimously modified, on the law, to deny defendants-respondents' motion for summary judgment and reinstate the complaint, without costs or disbursements.

Plaintiff-appellant, Haines, Lundberg & Waehler, a firm of architects and engineers which leases space from defendants-respondents at the commercial premises known as 2 Park Avenue in New York City, brought this action to recover alleged unauthorized payments of "additional rent." Defendants-respondents are 2 Park Avenue Associates, a limited partnership, its former general partners, Sheldon and Barbara Breitbart, and their wholly owned Breitbart Corporation, and John Bower, the receiver appointed after judicial removal of the Breitbarts as general partners.

In a prior derivative action brought by a limited partner, Meyer Weckstein (the *Weckstein* action), Justice Pecora held, after trial, that the Breitbarts had improperly caused partnership funds to be paid to the Breitbart Corporation and Norman Jacobson, whom they had employed as supervising manager of the building. In February 1986, judgment was entered in the *Weckstein* action in favor of 2 Park Avenue Associates, and against the Breitbart defendants, jointly and severally, in the sum of $6,445,744. Among the findings of fact made by Justice Pecora were that the partnership agreement limited the Breitbarts to an annual fee of $25,000 for providing building management services, and that the Breitbarts had violated this provision of the agreement by contracting on behalf of the partnership for the Breitbart Corporation to provide management services for fees in excess of the agreed-upon $25,000 limit.

The judgment entered in the *Weckstein* action, which also directed the removal of the Breitbarts as general partners of the partnership and appointed defendant-respondent Bower as receiver, was satisfied by the Breitbarts' payment of $7,432,930 to the partnership on January 15, 1987.

By summons and complaint served January 14, 1987, the within action was commenced by plaintiff, on behalf of itself and other commercial tenants who had paid "additional rent"

during the relevant periods pursuant to the lease terms.* Plaintiff alleges that the unauthorized fees received by the Breitbarts were moneys paid by the building's tenants pursuant to paragraph 35 (e) of their leases, designated the "Escalator Clause". This paragraph provides, in pertinent part, as follows: "In the event that the operating expenses * * * incurred by Landlord during any lease year shall be greater than the operating expenses *incurred by Landlord* during the base year, Tenant shall pay to Landlord as additional rent for the lease year in question * * * 5.26% of the increase." (Emphasis added.)

Defendants deny that the moneys disgorged by the Breitbarts in the *Weckstein* action constitute unauthorized "additional rent", and assert that the tenants have received the management services for which they paid. In moving for summary judgment, however, the limited partnership made no attempt to establish that the tenants had been properly charged "additional rents" for the period during which it was judicially determined that the Breitbart defendants charged and received greater compensation for management services than they properly could under the partnership agreement. The record is devoid of any other management agreement justifying such charges, or of any financial documents, records, analysis or breakdown of the more than $6 million disgorged by the Breitbart defendants in the *Weckstein* action. Such information is critical in a determination of whether the Breitbarts, who undisputedly pocketed more money than they were entitled to, obtained these fees by illegally exacting them from the tenants in contravention of the partnership agreement.

Absent such a showing, there remains a material issue of fact regarding whether the tenants properly paid escalator clause fees, i.e., 5.26% of the amount incurred by the landlord for operating expenses in excess of such costs during the base year, and it was error for the court below to grant defendants-respondents summary judgment. In so doing, the court engaged in the prohibited practice of issue determination rather than issue finding. *(See, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404.) Concur—Kupferman, J. P., Sullivan, Asch, Kassal and Ellerin, JJ.

---

* We note, with respect to the other tenants, that plaintiff has not moved for class certification.